UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER VALDES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-02320 |
| FIFTH THIRD BANK, N.A., | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes CHRISTOPHER VALDES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FIFTH THIRD BANK, N.A.("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person and is a "consumer" as defined by 815 ILCS 505/1(e) of the ICFA.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "person" as defined by 815 ILCS 505/1(c).

7. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Cincinnati, Ohio. Defendant is a foreign company that conducts business with consumers across the country, including in Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. Approximately a year ago, Plaintiff opened a consumer bank account with Defendant.

12. After opening the consumer bank account, Plaintiff allegedly incurred fees ("subject consumer debt") which resulted in Defendant asserting that an obligation was owed to it.

13. Plaintiff disputes that he has any obligation on the subject consumer debt.

14. On or around February 14, 2017, Plaintiff began receiving phone calls from Defendant to his cellular telephone number, (920) XXX-9993.

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9993. Plaintiff is and has always been financially responsible for the cellular phone and its services.

16. Defendant has primarily used two different phone numbers to call Plaintiff, (866) 450-0037 and (614) 784-8785.

17. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to contact consumers during its collection activities.

18. Not recognizing Defendant's phone numbers at first, Plaintiff did not answer several of the calls. As a result, Defendant continued to call his cellular phone multiple times a day.

19. Plaintiff eventually became frustrated and picked up Defendant's calls. Upon doing so, Plaintiff was subjected to silence despite saying "hello" several times.

20. Plaintiff received multiple calls from Defendant in which he was not afforded an opportunity to speak with anyone.

21. On or around February 25, 2017, Plaintiff answered one of Defendant's calls. Upon doing so, Plaintiff experienced a noticeable pause, three to five seconds in length, before a live representative of Defendant started speaking.

22. Defendant advised Plaintiff that it was seeking payment of the subject consumer debt.

23. Plaintiff demanded that Defendant stop calling him. However, despite his prompt, Defendant has continued to systematically call his cellular phone numerous times during the same day.

24. Plaintiff has received at least 10 calls from Defendant since specifically demanding that it stop contacting him.

25. Frustrated over the continuing and persistent calls, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

26. Plaintiff has suffered financial loss as a result of Defendant's actions.

27. Plaintiff has incurred charges and expenses that he would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

28. With the goal of ending Defendant's conducts, Plaintiff has purchased and maintained an application on his cellular phone to monitor the calls.

29. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

30. Defendant's conduct has continued up to the filing of this action.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

33. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The dead air and noticeable pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was

4

being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

34. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

35. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CHRISTOPHER VALDES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

39. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after he specifically demanded that it stop. Defendant ignored Plaintiff's request and continued to contact him at least 10 times. Defendant's action have continued, necessitating intervention from the Court.

40. Defendant systematically engages in placing voluminous phone calls to consumers with past due accounts. Such actions are engaged in for the purpose of coercing Plaintiff into making payment.

41. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Such conduct is extremely harassing behavior that amounts to an unfair practice, especially after Defendant was notified to stop.

42. Not only did Defendant ignore Plaintiff's prompts to cease its calls and continued to seek payment from him by calling multiple times in the same day, it also placed phone calls using a different phone numbers. This conduct is a deceptive attempt by Defendant to trick Plaintiff into answering and to ultimately coerce him into submission.

43. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

44. Through its conduct, Defendant made the false representation that it had the legal ability to contact Plaintiff through the means that it did. Upon information and belief, Defendant regularly engages in this type of behavior against consumers in Illinois.

45. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

46. As pled in paragraphs 24 through 30, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. Defendant's has a pattern and practice of engaging in the very behavior that it has subjected Plaintiff to. For public policy reasons, Defendant should be assessed punitive damages as it has engaged in willful violations of law.

WHEREFORE, Plaintiff, CHRISTOPHER VALDES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 27, 2017					Respectfully submitted,

						s/ Nathan C. Volheim
						Nathan C. Volheim, Esq. #6302103
						Counsel for Plaintiff
						Admitted in the Northern District of Illinois
						Sulaiman Law Group, Ltd.
						900 Jorie Boulevard, Suite 150
						Oak Brook, Illinois 60523
						(630) 575-8181 x113 (phone)
						(630) 575-8188 (fax)
						nvolheim@sulaimanlaw.com